UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SCOTT E. HALL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-345

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

**I.**

**A.     Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 3, 2013. PageID 246-56. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, headaches, anxiety, and a mood disorder. PageID 48.

After initial denial of his applications, Plaintiff received a hearing before ALJ Elizabeth A. Motta on April 4, 2016. PageID 65-86. The ALJ issued a written decision on July 11, 2016 finding Plaintiff not disabled. PageID 46-59. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 51-58.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 36-38. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 46-59), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10),

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." *Id.*

and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly evaluating a joint medical opinion from treating psychiatrist Sunita Agarwal, M.D. and treating therapist Mark Schweiker, LPCC-S, LICDC[5]; and (2) creating an RFC unsupported by substantial evidence.

---

[5] Dr. Agarwal's opinion was co-authored with Plaintiff's treating therapist, Mr. Schweiker. PageID 495-97. While mental health therapists are not included among the acceptable sources of medical evidence, *see* 20 C.F.R. § 404.1513, this opinion was co-authored by Dr. Agarwal, an acceptable source. As a result,

4

Doc. 9 at PageID 631-39. Finding error in the ALJ's assessment of the joint opinion, the Court does not address Plaintiff's second error. Instead, the undersigned would direct that the ALJ consider Plaintiff's second error on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

---

the joint opinion is from a treating source and is entitled to review under 20 C.F.R. § 404.1527(c)(2). *See Schumpert v. Comm'r of Soc. Sec.*, No. 3:17-cv-288, 2018 U.S. Dist. LEXIS 76349, at *7 n.4 (S.D. Ohio May 7, 2018).

5

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Here, the medical opinion evidence of record includes, as noted, a joint opinion from treating psychiatrist Dr. Agarwal and treating therapist Mr. Schweikert. PageID 495-97. They opine Plaintiff is "markedly"[6] impaired in social interaction, sustained concentration and persistence, and adaptation. *Id.* They further opine Plaintiff "has panic disorder with agoraphobia which is [negatively affected] by small or large numbers [of people]"; "has extreme anxiety [which] would make it impossible to work 8 hours a day"; and "has daily panic attacks made worse by any social interaction." PageID 495, 497.

In assessing the joint opinion, the ALJ states:

[It] is given some weight to the extent there is need for restrictions. However, the work factors assessed as marked and extreme cannot be accepted as, too, the speculation that he would be absent 5 days or more a month (actually, this is not a

---

[6] "Marked" limitations are suggestive of disability. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

narrative by either the counselor or the doctor but merely checked off on the attorney's question form.). As noted above, their GAF scores were in the moderate range. There are multiple inconsistencies with regard to his driving (even noted by the counselor as being inconsistent with not having a driver's license and his allegations of agoraphobia, the latter also inconsistent with his report to the counselor that he was a "people person").... Treatment has not been extensive and only began after [Plaintiff] was denied at the initial level. Accordingly, no controlling or deferential weight is given to that opinion to the extent it is co-signed by Dr. Agarwal. For the same reasons, no weight is given these sources.

PageID 55.

Initially, the Court notes that although the ALJ stated she did not afford the joint opinion controlling or deferential weight, she failed to mention or discuss the requisite factors in a controlling weight determination, *i.e.*, whether or not the opinion is well-supported by medically acceptable evidence and consistent with other substantial evidence in the record. PageID 54-55; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). As a result, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See Chrismon v. Colvin*, 531 F. App'x 893, 900 (10th Cir. 2013). This failure amounts to error because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted). While the ALJ stated that the opinion was "a check off form," this consideration is relevant only after the ALJ decides not to give controlling weight to such an opinion. *Id.* at 376; *see* PageID 55; *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion").

Additionally, in examining Plaintiff, Dr. Agarwal assessed a Global Assessment of

Functioning ("GAF")[7] score of 55. PageID 603. The ALJ improperly focused on this score with regard to Plaintiff's functional abilities -- a score indicative of moderate (*i.e.*, non-disabling) impairments. PageID 54-55. However, a GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *Laning v. Comm'r of Soc. Sec.*, No. 3:15-CV-75, 2016 WL 1729650, at *6 (S.D. Ohio Mar. 28, 2016) (citing *White v. Colvin*, No. 3:13CV00171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014)). As a result, courts conclude that GAF scores have "little value in assessing disability." *Id.* (citations omitted). Accordingly, it is generally improper for an ALJ to rely on a GAF score to discredit a medical source's specific opinion about an individual's work-related abilities and limitations. *Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015) (citations omitted).

Lastly, with regard to treatment, in assigning "no great weight" to the joint opinion, the ALJ noted that Plaintiff did not seek treatment until he was denied benefits at the initial administrative level. The ALJ's reasoning in this regard does not go towards the weight to assign to a medical source, but rather goes towards assessing Plaintiff's credibility. *See Jones v. Astrue*, No. 1:11-cv-228, 2012 U.S. Dist. LEXIS 81346, at *28-32 (S.D. Ohio June 12, 2012) (finding that a plaintiff's failure to seek mental health treatment may be considered, along with any reasons offered for that failure, as a non-determinative factor in assessing credibility).

---

[7] GAF is a tool used by health care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin,* No. 3:13-cv-257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 51-60 is indicative of "[m]oderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." *Id.*

Consistent with the foregoing authority, the undersigned finds the ALJ's analysis unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: __July 12, 2018__                 /s Michael J. Newman
                                                           Michael J. Newman
                                                           United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).